IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ALEXANDRINE ABRAHAM,<br>      Plaintiff,<br> v.<br>HESS CORPORATION and HESS OIL NEW YORK CORP., as successor by merger of HESS OIL VIRGIN ISLANDS CORP.,<br>      Defendants. | CASE NO. 1:22-cv- 011<br><br>JURY TRIAL DEMANDED<br><br>Removed from the Superior Court of the Virgin Islands, Civil No. SX-21-CV-880 |

## NOTICE OF REMOVAL

1. PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Hess Corporation ("Hess") and Hess Oil New York Corp., as successor by merger of Hess Virgin Islands Corp. ("HONYC"), by their undersigned attorney, hereby remove the above-captioned action from the Superior Court of the Virgin Islands to the District Court of the Virgin Islands ("Superior Court Action"). A copy of the complaint filed in the Superior Court Action is attached as **Exhibit A**.

2. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

### BACKGROUND AND CITIZENSHIP OF PARTIES

3. On or about September 30, 2021, Plaintiff served Hess with a cover letter, Summons and a USB drive containing a copy of the complaint attached hereto as **Exhibit B**.

4. On or about October 1, 2021, Plaintiff served HONYC with a cover letter, Summons and a USB drive containing a copy of the complaint attached hereto as **Exhibit C**.

5. The attached Exhibits A, B and C comprise copies of all process, pleadings, and orders served upon Hess and HONYC in the Superior Court Action.[17]

---

[17] Defendants reserve all defenses of process and service of process based upon insufficient process.

6. Plaintiff alleges to be a Citizen of St. Croix, United States Virgin Islands. Ex. A at ¶1.

7. Plaintiff alleges Hess is a Delaware corporation, having its principal place of business in New York. *Id.,* at ¶2.

8. Plaintiff alleges Hess Oil New York Corp. is a New York corporation with its principal place of business in New York. *Id.,* at ¶3.

9. No individual Defendant is a citizen or has a principal place of business in St. Croix, United States Virgin Islands.

## GROUNDS FOR REMOVAL

10. "Federal district courts have original jurisdiction over civil actions between citizens of different states, provided the amount in controversy is greater than $75,000." 28 U.S.C. § 1332(a); *Chapin v. Whitecap Inv. Corp.*, No. 2013-42, 2014 U.S. Dist. LEXIS 21214, *4 (D.V.I. Feb. 20, 2014) (citing 28 U.S.C. § 1332(a)).

11. Complete diversity exists among the parties. Supra, ¶¶6-9. Thus, the parties satisfy 28 U.S.C. § 1332(a)'s diversity of citizenship requirement.

12. The amount in controversy exceeds $75,000. Here, Plaintiff has alleged to have contracted lung disease as a result of exposure to toxic substances for which Plaintiff is seeking compensatory and punitive damages. (See "Factual Allegations Re: The Plaintiff," Ex. A at ¶¶ 6-18.) Without conceding liability or the merits of Plaintiff's claims, based on these allegations, the amount in controversy certainly exceeds $75,000. Thus, Defendants have met their burden to demonstrate a plausible allegation that the amount in controversy exceeds the jurisdictional threshold in 28 U.S.C. § 1332(a). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

13. The other procedural requirements outlined in 28 U.S.C. § 1446 are met. The Notice of Removal is timely filed under 28 U.S.C. § 1446(b) in that it is filed before Hess and/or HONYC have been properly served.[18] Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is simultaneously being given to Plaintiff, and a copy of the Notice of Removal will be promptly filed with the Clerk of the Superior Court of the Virgin Islands, Division of St. Croix.

14. The Superior Court of the United States Virgin Islands is within the geographical boundaries of the District Court of the Virgin Islands, and thus the Complaint is properly removed to this Court.

15. Defendant respectfully reserves all defenses, including but not limited to all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

> Respectfully submitted,
>
> **Beckstedt & Kuczynski LLP**
> *Attorneys for Defendant Hess & HONYC*
> 2162 Church Street
> Christiansted, VI 00820
> Tel: (340) 719-8086 / Fax: (800) 886-6831

DATED: February 1, 2022     By:     s/ Michael A. Rogers
                                    Michael A. Rogers, Esq.
                                    V.I. Bar No. 1295
                                    michael@beckstedtlaw.com

---

[18] See n. 1, supra. In addition, the matter is removed within thirty (30) days of the purported service on Hess and HONYC.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this February 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record and caused a copy of this document to be served upon the following via email:

**The Pate Law Firm**
*Attorneys for Plaintiff*
J. Russell B. Pate, Esq.
pate@sunlawvi.com
PO Box 890
St. Thomas, VI 00804

**Burns Charest LLP**
*Attorneys for Plaintiff*
Korey Nelson, Esq.
knelson@burnscharest.com
Jacob Gower, Esq.
jgower@burnscharest.com
H. Rick Yelton, Esq.
ryelton@burnscharest.com
365 Canal Street, Ste. 1170
New Orleans, LA 70130

**Burns Charest LLP**
*Attorneys for Plaintiff*
Warren T. Burns, Esq.
wburnes@burnscharest.com
Daniel H. Charest, Esq.
dcharest@burnscharest.com
900 Jackson Street, Ste. 500
Dallas, TX 75202

**Murray Law Firm**
Murray Law Firm Arthur M. Murray, Esq.
amurray@murray-lawfirm.com
650 Poydras Street, Ste. 2150
New Orleans, LA 70130

                                     s/ Michael A. Rogers
                                     Michael A. Rogers, Esq.